**FERN LAKE COMPANY, Appellant and Cross-Appellee,**

v.

**PUBLIC SERVICE COMMISSION of Kentucky et al., Appellees,**

**(Kentucky Water Service Company, Inc., Appellee and Cross-Appellant).**

**KENTUCKY WATER SERVICE COMPANY, Inc., Appellant,**

v.

**PUBLIC SERVICE COMMISSION of Kentucky et al., Appellees.**

Court of Appeals of Kentucky.

March 23, 1962.

Rehearing Denied June 22, 1962.

Squire R. Ogden, Richard F. Newell, Ogden, Brown, Robertson & Marshall, Louisville, Logan Patterson, Pineville, for appellant and cross-appellee, Fern Lake Co.

Cornelius W. Grafton, Grafton, Ferguson & Fleischer, Louisville, for appellant, appellee and cross-appellant, Kentucky Water Service Co., Inc.

John B. Breckinridge, Atty. Gen., J. Gardner Ashcraft, Asst. Atty. Gen., James L. Williams, Frankfort, for appellee, Public Service Commission of Kentucky.

Glenn W. Denham, Middlesboro, Clifford E. Smith, E. Gaines Davis, Jr., Smith, Reed & Leary, Frankfort, for appellee, City of Middlesboro.

STEWART, Judge.

In July, 1956, Kentucky Water Service Company, Inc., (hereinafter called "Water Service") as owner of a distribution system which provides water service to the City of Middlesboro, applied to the Kentucky Public Service Commission (hereafter called "the Commission") for an increase in its consumer rates to produce $13,000 per year in additional gross revenue.

As a preface to relating the further proceedings in the case it is necessary to identify certain parties and documents and briefly to describe their involvement in this controversy. In Kentucky Water Service Co. v. City of Middlesboro, Ky., 247 S.W.2d 40, we had occasion to deal with this same water distribution system. We refer to the facts stated in that opinion for its historical background, as we shall recite only the subsequent happenings incident to this controversy.

In 1947, Kentucky Utilities Company (hereinafter called "K. U.") and Water Service entered into a conditional agreement for the purchase by Water Service of the water and ice plants owned and operated by K. U. in Middlesboro and in 12 other cities. The agreement provided that in exchange for the properties purchased Water Service would deliver to K. U. the agreed consideration of $1,150,000 in cash, and certain contracts, one of which is known as the Middlesboro contract.

This contract obligated Water Service to pay K. U. the additional sum of $17,700 annually and it further provided that Water Service would obtain water from the body of water called Fern Lake, which was owned by K. U., and would pay K. U. 5¢ for each 1000 gallons of water taken in excess of 250,000,000 gallons each year. The primary term of this contract was 20 years with yearly renewals so long

as the Middlesboro water system is maintained and operated and Fern Lake constitutes a suitable supply of water for it. The sale of the Middlesboro water system as well as the aforementioned collateral contracts were tentative since their execution was conditioned upon the approval of the Commission.

On December 5, 1947, Water Service and K. U. filed their joint application with the Commission seeking approval of their agreements and requesting the entry of an order to carry into effect the proposed sale of the water and ice properties. Filed as exhibits to the application were copies of the aforementioned agreements and a brochure entitled "Kentucky Utilities Company Data on Water Utility Properties and Interrelated Ice Properties" which contained a detailed description of the properties to be sold.

On December 19, 1947, following a hearing the Commission entered an order approving the execution and performance of these agreements. On December 22, 1947, Water Service and K. U. signed the contract of sale and the other pertinent documents. The Middlesboro contract was later assigned by K. U. for value to Fern Lake Company, which had become the owner of Fern Lake.

Subsequent to the filing of the application for an increase in rates by Water Service, the City of Middlesboro interposed an objection and later brought in Fern Lake Company as a party to the proceeding. The City sought a reduction of the annual payment Water Service was required to make to Fern Lake Company under the terms of the Middlesboro contract. When the application of Water Service was being considered by the Commission, Fern Lake Company urged, among other things, that the money paid by Water Service pursuant to the Middlesboro contract was not a rate but was a part of the agreed consideration to be paid by Water Service in its acquisition of the several utility properties from K. U. It was further argued that since the Commission had approved the sales agreement between Water Service and K. U. in its order of December 19, 1947, it was without authority thereafter to impair any part of that agreement.

These arguments were rejected by the Commission, and in its final order of March 25, 1958, the Commission denied the increase in rates sought by Water Service and ordered that the annual sum, payable by Water Service to Fern Lake Company, be reduced by $4,700 per year, that is, from $17,700 to $13,000.

In separate actions on an appeal to the Franklin Circuit Court, Fern Lake Company asked a reversal of the Commission's order reducing the amount Water Service was obligated to pay it under their contract; Water Service sought relief from the Commission's refusal to allow the entire $13,000 per year increase in revenues for which it had applied; and the City of Middlesboro complained of the Commission's failure to make a sufficient reduction in the annual amount Water Service was to pay Fern Lake Company. These actions were consolidated in the circuit court.

The trial judge entered a judgment disallowing certain claims of Fern Lake Company as improper expenses and ordered that the annual payment under the Middlesboro contract be reduced by an additional $9,000, which reduction was directed to be passed along to the ultimate consumer by computing a new and lower schedule of consumer rates to be charged by Water Service. In all other respects the finding and order of the Commission were approved. Fern Lake Company and Water Service have appealed and Water Service has additionally cross-appealed against Fern Lake Company.

The question dispositive of the appeal by Fern Lake Company is whether the Commission or the circuit court may deprive K. U.'s assignee, Fern Lake Company, of an essential part of the consideration of a contract between K. U. and Water Service, the validity of which is not questioned by either party to it.

■ ■ Appellees have strenuously defended the Commission's order on the ground that it constitutes a proper regulation of the rates and services of a utility. See KRS 278.040. They insist it is a well established rule that the Commission has the authority to change rates upon a proper showing and that its power may not be limited by contract because the law in force when and where a contract is made becomes a part of it. Appellees further maintain that the Commission's prior approval of the contract does not estop it from subsequently changing rates therein when necessary in the public interest. We cannot challenge the soundness of these contentions.

As appellees have pointed out, the Commission's jurisdiction extends to rates and services. However, the arguments of appellees are based on the assumption that the Commission has ordered a change in a "rate." We cannot accept this assumption when we scrutinize the terms of the Middlesboro contract. Water Service has an absolute obligation to pay Fern Lake Company $17,700 annually whether or not it takes a drop of water from Fern Lake. Furthermore, it is apparent in the sales agreement that this contract to pay $17,700 annually was executed as an integral part of the consideration for the sale of the water and ice properties of K. U.

Since this contract provides for installment payments of $17,700 annually for a period of 20 years, i. e., a total of $340,000, and in view of the fact that the original sales agreement between K. U. and Water Service makes this payment an essential item of the consideration for the sale of the ice and water plants, we have concluded that the annual payment ($17,700) for the term of 20 years is not a *rate* and therefore is not subject to change by the Commission during that term. It follows that the order of the Commission and the judgment of the circuit court are erroneous to the extent that they reduced this payment during the primary term of this contract. It is unnecessary for us to decide what the situation may be after the expiration of this term.

■ The appeal of Water Service in these consolidated cases raises additional issues. The Commission is required by KRS 278.290 to give due regard to a number of enumerated factors in determining a just and reasonable rate. The opinion and order of the Commission reflects that it considered each of these factors in arriving at a rate schedule for Water Service. One of these factors is original cost, and Water Service argues that the Commission erred as a matter of law in arriving at an amount representing original cost.

To present this argument it is necessary to relate certain background facts. Through a joint effort of K. U. and the Commission the original cost of each of K. U.'s utility properties was estimated in 1941. However, the original cost of the water distribution system in Middlesboro was carried on K. U.'s books at a substantially lower figure than had been estimated for it. When Water Service acquired the Middlesboro water system in 1947, it adopted K. U.'s original cost figure, but in 1951 it increased this sum. The Commission refused to permit this increase as an item of original cost. Water Service attempted to justify an increase in this respect by showing that K. U. had voluntarily decreased the figure for its convenience and as a conservative accounting practice, and that it had merely restored to the original cost an amount to which it was entitled. However, there was also evidence that since this water system was designed to serve an expected population far greater than the number of customers it has ever had, its facilities are far in excess of those needed; and hence the excess facilities were not used or useful so as to be a proper factor in establishing a rate base.

In its March 25, 1958, opinion and order the Commission found that the original cost figure as of 1941 was reduced because of over-adequate facilities. There is substantial evidence to support this finding. Furthermore, as a matter of law, we believe the Commission properly re-

fused to include the cost of over-adequate facilities in the rate base. Public Service Commission v. Montana-Dakota Utilities Co., N.D., 100 N.W.2d 140; 43 Am.Jur., Public Utilities, sec. 106, p. 647.

We have considered the other questions raised by Water Service concerning the action of the Commission and find no reason to answer them for they are without substantial merit.

Wherefore, the judgment is reversed insofar as it affects Fern Lake and affirmed in all other respects, with directions to remand the case to the Commission for the entry of a new order not inconsistent with this opinion.

BIRD, J., dissenting.