**BLUE GRASS STATE TELEPHONE COMPANY, a Kentucky Corporation, Appellant,**

**v.**

**PUBLIC SERVICE COMMISSION of Kentucky et al., Appellees.**

Court of Appeals of Kentucky.

May 15, 1964.

As Modified on Rehearing Oct. 9, 1964.

Louis Cox, James M. Honaker, Frankfort, for appellant.

John B. Breckinridge, Atty. Gen., J. Gardner Ashcraft, Asst. Atty. Gen., Allen Prewitt, Sr., Frankfort, for appellees.

WADDILL, Commissioner.

The primary issue presented by this appeal is whether the Public Service Commission (hereinafter referred to as Commission) properly refused to grant the Blue Grass State Telephone Company (hereinafter referred to as Blue Grass) a certificate of convenience and necessity to operate a telephone system in the City of Jenkins and its environs.

The previous owner of this system having placed it in receivership, the United States District Court, on December 6, 1961, directed that its assets be sold to Continental Telephone Company upon a bid of $120,000. On January 11, 1962, these assets were transferred to Blue Grass, a Kentucky corporation and a subsidiary of Continental Telephone Company, by a bill of sale reciting that the purchase price was $120,000.

On December 19, 1961, prior to taking possession of the telephone system, Blue Grass filed with the Commission an application for a certificate of convenience and necessity to operate this system under KRS 278.020. By its final order issued September 11, 1962, the Commission refused to grant the requested certificate. This order was upheld by the Franklin Circuit Court.

The question of whether the Commission has jurisdiction to approve or disapprove an involuntary sale was not raised before the Commission. The sole issue for it to decide was whether the operation of this system by Blue Grass was in the public interest.

The Commission determined that the depreciated original cost of this system was $25,366.90, and its order shows that it refused to issue the certificate of convenience and necessity solely because of the disparity between this cost basis and the sale price paid by Blue Grass. It assumed that the price paid would have to be considered as a determining factor in establishing a rate base at some later date.

The Commission apparently misinterpreted our holding in Lexington Telephone Co. v. Public Service Commission, 311 Ky. 584, 224 S.W.2d 423, wherein we held that under the facts presented the capital structure of the utility could not be completely disregarded in establishing a rate base. This does not mean that the Commission has no discretion in setting the rate base. If it is established that the price paid is grossly excessive or that the facilities purchased are not entirely usable, then the rate base should be adjusted accordingly. For instance, we held in the recent case of Fern Lake Co. v. Public Service Commission, Ky., 357 S.W.2d 701, that because

facilities were shown to be more than adequate, the Commission properly excluded their cost from the rate base. Since, in the instant case, the Commission was not asked to approve an increase in rates and since, as indicated herein, they are not inflexibly bound by the purchase price whenever an increase in rates is considered, the holding of the Commission was premised on an improper conclusion regardless of whether $120,000 was an unreasonable price.

▮▮▮ In Public Service Commission v. Cities of Southgate, etc., Ky., 268 S.W.2d 19, we held that the Commission has the responsibility of determining that the purchaser of an existing utility is ready, willing and able to continue providing adequate service. In light of this rule, we believe the following facts are relevant: Blue Grass has acquired from its predecessor a 20-year franchise issued January 2, 1951, by the City of Jenkins; it now owns the existing facilities (admittedly antiquated) and has operated them since January 11, 1962, providing a needed service to the people in this area and, at the time of this hearing, it had a firm offer for adequate financing to modernize this system. Upon the record before us we conclude that it was in the public interest for the Commission to approve the acquisition of the facilities by Blue Grass and issue it a certificate of convenience and necessity pursuant to KRS 278.020(3) and that the Commission acted unlawfully and unreasonably in failing to do so.

By its application and amended application, Blue Grass also sought the Commission's approval to issue common stock, to adopt the authorized rates of its predecessor and to borrow $350,000 for proposed construction and to convert to automatic (dial) operations. We express no opinion with respect to the approval or disapproval of these requests each of which should be passed upon by the Commission. When this case is remanded they will be considered upon the existing record and any change of conditions subsequent thereto.

The judgment is reversed with directions to remand the case to the Commission for entry of an order granting Blue Grass a certificate of convenience and necessity and for further proceedings not inconsistent with this opinion.